BLACKWELL v. STATE.

1. LIQUOR.   *Penalty for selling without license.*

   Section 5 of the License Act of March 8, 1879, is not repealed by Sections 4 and 5 of the Revenue Act of March 31, 1883.   The former was designed to punish occasional sales of liquor by unauthorized persons, having no bar-rooms or regular places of business, and without the usual appliances of retail liquor dealers; and the penalty for its violation is not less than $200 nor more than $500.   But the latter Act is pointed at those who undertake to carry on the business without paying the proper tax, and the penalty for its violation is $1,400.

2. LIQUOR.   *Indictment for selling without license.   Evidence.*

   An indictment for selling liquor without license under Sections 4 and 5 of the Revenue Act of March 31, 1883, must charge that the defendant was a liquor dealer; and the evidence should show, not a solitary instance of selling liquor, but that a trade has been carried on in violation of the law.

Blackwell v. State.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*Hall & Carter* for Appellant.

The court erred in assessing the fine at $1,400. The in-dictment was drawn under the 5th Sec. of Act, March 8, 1879, and the fine should have been not less than $200 nor more than $500. The proof showed only a *single sale*. To make Appel-lant liable under the Revenue Act, 1883, p. 192, the indictment must have charged him with engaging in the sale of liquor without paying the tax. The indictment must also show what tax remained unpaid. *34 Ark., 340; 9 Rep., p. 9.* The Act of 1883 clearly intends to punish those *who carry on the business of liquor dealers* without paying the tax. The Acts levies a tax upon every *vendor of liquor, doing business, &c., for one year or less*. The terms, doing business and engaging in the sale of liquor, are synonymous and must be taken in their ordinary sense. *Bish. St. Cr., Sec. 1035.* The act is highly penal and must be strictly construed.

*D. W. Jones*, Attorney General, *contra*.

The court properly assessed the fine at double the amount of state and county license. *Mansf. Dig., Secs. 4510, 5594.*

SMITH, JUSTICE. Blackwell was indicted for the sale of one pint of ardent liquors without license. The testimony showed a single sale of whiskey and no more. The court directed the jury, if they found the defendant guilty, to assess his fine at $1,400. They returned a verdict of guilty, but neglected to fix the punishment. Thereupon the court fined him $1,400. The only question which the appeal presents is, what is the penalty for selling liquors without license?

Blackwell v. State.

1. LIQUOR:—
Penalty for sel-
ling without li-
cense.

The license act of March 8, 1879, (Sec. 5) prescribes a fine of not less than $200 nor more than $500 for this offense. But the Revenue Act of March 31, 1883, Secs. 4 and 5, under the head of privileges subject to taxation, "provides that a state tax of $300 and a county tax of $400 shall be levied and collected upon every vendor of spirituous, vinous or malt liquors, doing business in this State, for the term of one year or less; that any person wishing to engage in the sale of liquors, shall first pay for and take out a license for the privilege; and that any person who shall engage in the sale thereof without having paid this tax, shall upon conviction be fined in double the amount of license he would be chargeable with. Was this an implied repeal or modification of the penalty denounced by the Act of 1879? Of this opinion were the learned and painstaking gentlemen who compiled the latest revision of our laws. *Mansf. Dig., Sec. 4511.*

The intention of the Legislature is not manifest. For, by reference to the journals, we observe that the "Blind Tiger" Act, which received the approval of the governor and became the law one day earlier than the revenue law, yet actually passed the last of the two houses one day later, continues the old penalty of not less than $200 nor more than $500, in respect to clandestine sales of liquor. *Mansf. Dig., Sec. 1932.* We are, therefore, forced to resort to the ordinary canons of construction to ascertain what it was the Legislature did mean.

Prior laws are abrogated by subsequent ones that are inconsistent therewith. The repeal may be expressed in words of revocation, or there may be such a plain repugnance between the two statutes that both cannot stand; or the later enactment may cover the whole subject embraced by the former and contain new provisions, indicating that it was intended to be a revision of and substitute for the former act. *State use. v. Watts. 23 Ark., 304; Osborn, exparte, 24 Id.. 479; Coats v. Hill, 41 Id., 149,* and cases there cited.

Now, the Revenue Act of 1883 does not expressly repeal any provision of the License Law of 1879, although it does certainly modify it as to the amount required to obtain a license and in other particulars. *Drew County v. Bennett, 43 Ark., 364.* Nor do the two acts cover the same field of legislation; one being directed to the general subject of raising revenues and the other to the particular subject of regulating the sale of intoxicating liquors. So that, if there is any repeal in this case, it must be on account of an irreconcilable conflict between their several provisions.

Courts of justice have never favored repeals by implication, but have always endeavored so to construe two apparently inconsistent statutes as to give effect to both if possible.

Upon an examination and comparison of Sec. 5 of the Act of March 8, 1879, and Sec. 4 of the Act of March 31, 1883, we conclude with some hesitation that there is no such repugnance between the two as to require us to hold, under the principles governing the construction of statutes, that the former was repealed by the latter. We may consider the former as designed to punish occasional sales of liquor, by unauthorized persons having no bar-rooms or regular places of business and without the usual appliances of retail liquor dealers. Thus, a farmer, not contemplating to engage in the business of selling liquor, might, as a matter of favor or accommodation, sell his neighbor a bottle of whiskey. This is an offense against the good order of society and, therefore, punishable, but not seriously detrimental to the revenues of the State and county. But the later Act is pointed at those who undertake to carry on the business of selling liquors without the payment of the proper tax. The essence of the offense is the defrauding of the State and county of their legitimate revenues. Therefore, the indictment must charge that the defendant was a liquor dealer, and the evidence should show, not a solitary instance of selling spirits, but that a

2. Construction of the statute.
INDICTMENT: Evidence.

trade has been carried on in violation of the law. *State v. Martin, 34 Ark., 340.*

The judgment of conviction is affirmed; but the sentence of the court imposing a fine of $1,400 is vacated, and the case remanded with directions to assess the defendant's fine at a sum not smaller than $200 nor exceeding $500.