CLARK v. DANIEL.

Opinion delivered November 18, 1905.

LIQUORS—THREE-MILE PETITION—RIGHT OF SIGNERS TO WITHDRAW.—
    Where a petition to enforce the three-mile prohibitory law in a town situated on the State border was filed in the county court, persons who signed the petition were not entitled subsequently to withdraw their names therefrom for the reason that if the petition were granted liquor could be obtained in the adjoining State.

Appeal from Fulton Circuit Court; JOHN W. MEEKS, Judge; affirmed.

*J. M. Burrow, John B. McCaleb,* and *Bradshaw, Rhoton & Helm,* for appellant.

Parties showing good reason therefor should be permitted to withdraw their names from the petition. 40 Ark. 291. The proceeding was in the nature of an election, and it should have been tried by the circuit court upon the issues made by petitioners before the county court. 51 Ark. 159; 70 Ark. 175.

*J. L. Short, C. E. Elmore,* and *Campbell & Stevenson,* for appellees.

Where the original signatures were obtained intelligently and without fraud, and have not been erased before presentation,

they will not be permitted to withdraw their names.  70 Ark. 175, and cases cited; 75 Ark. 155.

BATTLE, J.  On the second day of January, 1905, F. M. Daniel and 316 other adult inhabitants, residing within three miles of the public schoolhouse in the town of Mammoth Spring, in Fulton County, in this State, presented a petition to the Fulton County Court, asking that an order be made prohibiting the sale or giving away of vinous, spirituous or intoxicating liquors of any kind, including alcohol, or any compound or preparation thereof commonly called bitters, within three miles of the school-house, for the period provided by law.

The county court denied the petition.  An appeal was taken by the petitioners to the Fulton Circuit Court, and it granted the order asked, except as to duration, providing that it should continue until the 31st day of January, 1906.

Six hundred and three adult inhabitants resided within the territory affected by the order of the circuit court.  Three hundred and seventeen of them signed the petition.  Twenty-one of them signed a petition asking that their names be stricken from the petition of the 317; the reason given for the request being that the boys and old men residing within the three miles could get whisky in the State of Missouri.  The question in this case is, ought the names of the twenty-one to have been stricken from the petition of the 317?

In *Bordwell* v. *Dills,* 70 Ark. 175, this court held that petitioners for the prohibition of the sale of liquor, whose signatures have been "obtained intelligently and without fraud, and have not been erased before presentation," cannot withdraw their names from the petition after it has been filed, without leave of the court for good cause shown.  The court said in that case: "In the absence of something in the statute permitting it, no individual signer, nor, indeed, all the signers, could thereafter [filing] withdraw their names from the petition without leave of the court.  And the court should not grant such leave without good cause shown therefor.  He who voluntarily sets on foot a proceeding for the enforcement of a salutary police regulation in any community should not be permitted to capriciously undo his work.  He should not be allowed to play fast and loose with the interests of society."

The petition of the twenty-one was filed after the original petition. Their names had not been erased from the latter petition. The reason given for their request was not good. They knew when they signed the original petition that boys and old men residing in the proposed prohibition district could buy whisky in the State of Missouri. The Missouri boundary lines had not been changed; neither had the reasons for prohibition changed. Their change of mind was capricious, and, as said in *Bordwell* v. *Dills,* they should not be permitted to capriciously undo their work.

Judgment affirmed.