ALEXANDER v. STATE.

Opinion delivered December 16, 1905.

1. LIQUORS—LICENSE—REVOCATION.—Where the county court revoked its own order prohibiting the sale of liquors, and granted a license to sell them, the effect of a judgment of the circuit court reinstating the prohibitory order of the county court was to revoke the license subsequently issued by the court. (Page 297.)

2. SAME—REVOCATION OF LICENSE—RESTITUTION.—Upon the revocation of a license to sell liquors, the licensee is not entitled to a return of the money paid therefor. (Page 297.)

3. SAME—REINSTATEMENT OF LICENSE.—Where a license to sell liquors was revoked by an order of prohibition, a subsequent revocation of the latter order did not operate as a reinstatement of the license; nor could the county court credit the licensee with the amount which he paid for the annulled license, and issue a new license to him, without further payment of the tax prescribed by law. (Page 297.)

4. SAME—VALIDITY OF GRANT OF LICENSE.—Under Kirby's Digest, § 5122, providing that, before a license to sell liquors shall be granted, "the applicant shall pay to the collector, and produce his receipt therefor,

the amount of money and fees specified," etc., where a judgment of the county court granting a license to sell liquors shows affirmatively that the license tax was not paid, it was void for want of jurisdiction, and the license issued pursuant thereto was void.  (Page 298.)

5.  SAME—ENGAGING IN BUSINESS WITHOUT PAYING TAX.—Kirby's Digest, § 6882, providing that "any person who shall engage * * * in the sale of spirituous, vinous or malt liquors in the State without having paid the tax * * * shall be fined in double the amount of the license he would be by the provisions of the act chargeable with," did not repeal any other statute regulating the liquor traffic, the essence of the offense created by it being the defrauding the State and county of their legitimate revenues.  (Page 298.)

6.  SAME—ENGAGING IN BUSINESS WITHOUT PAYING TAX—DEFENSE.—In a prosecution under Kirby's Digest, § 6882, for engaging in the business of selling liquor without having paid the tax, it was no defense that the defendant in the same year had paid the annual liquor license tax required by law, and that a prior license issued to him thereupon had been annulled, as neither the issuance of the second license without payment of the tax, nor the payment of the tax upon the issuance of the first license, protected defendant from the penalty of the statute. (Page 298.)

Appeal from Hot Spring Circuit Court; ALEXANDER M. DUFFIE, Judge; affirmed.

C. V. Teague and H. Berger, for appellant.

Appellant was protected by the license issued to him under the order of the county court.   The county court having jurisdiction to pass upon the sufficiency of the petition presented for license, its order, even if erroneous, was not void.   55 Ark. 208; Black on Judgments, § 183.   It will be presumed to have acted on facts sufficient to sustain its action.   53 Ark. 478, and cases cited. Being a court of original jurisdiction for the purpose of issuing liquor license, its proceedings cannot be collaterally inquired into. 28 Ark. 416.   Its judgments on matters submitted to it within its jurisdiction are conclusive until reversed by a superior tribunal. 11 Ark. 552; 20 Ark. 534; 13 Ark. 179; 55 Ark. 179.

If the county court erred in granting license upon appellant's petition, yet it was the judgment of a court having jurisdiction of the subject-matter, and is not a nullity.   11 Ark. 519; 12 Ark. 87; 13 Ark. 177; 19 Ark. 499; 23 Ark. 121; 25 Ark. 52; 26 Ark. 421; 33 Ark. 575; 34 Ark. 69; 40 Ark. 433; 55 Ark. 275; 52 Ark. 7; 44 Ark. 267.   Such errors cannot be considered when the

judgment is brought collaterally into question. 9 Wall. 23; 1 Black on Judg. § 246.

*Robert L. Rogers, Attorney General,* for appellee.

In the cancellation of the first license, defendant lost all right to sell liquors thereunder, as well as his right to recover the money he had paid. 54 Ark. 236; 71 Ark. 419.

It was not in the discretion of the county court to waive the payment of the license tax and order the issuance of the second license. It acquired no jurisdiction, and its acts were a nullity. 28 Ark. 516; 48 Ark. 151; 11 Ark. 519.

McCulloch, J. The appellant was indicted, under section 6882, Kirby's Digest, for the offense of engaging in the business of selling spirituous, vinous and malt liquors without having paid the tax required by law, and was convicted and adjudged to pay a fine of $1,600.

The facts are undisputed. On January 7, 1902, the county court of Hot Springs County, upon petition of a majority of adult inhabitants residing within three miles of a schoolhouse in Malvern, made an order, as provided by law, prohibiting the sale of intoxicating liquors within that radius. On January 14, 1904, the county court, upon petition of adult inhabitants of that radius, made an order revoking the former prohibition order, and on the same day issued a license to appellant for the sale of liquor in the town of Malvern. Certain remonstrants took an appeal to the circuit court from the order of revocation, and, upon trial anew in that court, the prayer of the petition for revocation was denied, the revocation order made by the county court was set aside, and the original prohibition order declared to be in full force. This judgment of the circuit court was certified down to the county court and there entered. Subsequently, another petition for revocation was filed in the county court; and on April 14, 1904, that court made another order revoking the prohibition order.

Thereupon, appellant presented his petition to the county court for license, reciting the foregoing proceedings, the payment by him of the license tax in January preceding, the subsequent revocation of his license by the judgment of the circuit court, and prayed that the collector be ordered to issue to him a receipt showing the previous payment of said license tax, and that, upon

the filing of such receipt with the county clerk, a license be issued to him in lieu of the former license, without requiring another payment of the tax. The court granted the prayer of this petition, and ordered the issuance of license. The collector executed to appellant a duplicate receipt, which was filed with the clerk, who issued to appellant a liquor license in regular form. It is admitted that appellant, under this license, engaged in the business of selling liquors. Was he protected by the license?

The judgment of the circuit court denying the prayer of the petition for revocation of the prohibition order operated as a revocation of the license issued to appellant. *Bordwell* v. *State, ante,* p. 161; *State* v. *Doss,* 70 Ark. 312; Black on Intoxicating Liquors, § 129.

Upon revocation of the license, appellant was not entitled to return of the money paid for the license, and could not have recovered it. *Peyton* v. *Hot Spring Co.,* 53 Ark. 236; Black on Intoxicating Liquors, § 188; *Lydick* v. *Konner,* 15 Neb. 500; *Board of Commissioners of Monroe County* v. *Kreuger,* 88 Ind. 231.

The second order of the county court revoking the prohibition order did not operate as a reinstatement of appellant's license, which had been revoked by the judgment of the circuit court. It was completely annulled, and no life could be infused into it. The county court then attempted to credit appellant with the amount which he had paid for the annulled license, and to issue a new license to him without further payment of the tax prescribed by law. This the court had no power to do, as the statute requires that, before the court can grant the license and order the clerk to issue the same, the appellant must first "pay to the collector, and produce his receipt therefor, the amount of money and fees specified," etc. Kirby's Digest, § 5122; *Hencke* v. *Standiford,* 66 Ark. 535; *Zielke* v. *State,* 42 Neb. 750; *Fry* v. *Kaessner,* 48 Neb. 133; *Doran* v. *Phillips,* 47 Mich. 228.

It is undoubtedly true, as contended by counsel for appellant, that determinations of county courts are, until reversed by superior tribunals, conclusive as to all matters within their jurisdiction; and adjudged cases are not lacking which hold that irregularities in judgments of such courts granting liquor licenses cannot be taken advantage of collaterally, so as to avoid licenses

issued pursuant thereto. Black on Int. Liq., § 178; *Goff* v. *Fowler,* 3 Pick. 300; *Hornaday* v. *State,* 43 Ind 306; *Com.* v. *Graves,* 18 B. Mon. 33.

But, under our statute, payment of the tax to the collector and production of his receipt therefor are essential to the jurisdiction of the court to grant the license. The judgment of the court affirmatively shows that the tax was not paid, and it was therefore void for want of jurisdiction, and the license issued pursuant thereto was also void, and afforded no protection to appellant.

The statute under which appellant was indicted reads as follows:

"Sec. 6881. Every person wishing to engage in the business of hawking or peddling, peddling clocks, or as agent for the sale of sewing machines, lightning rods, stove ranges, or wishing to engage in the sale of spirituous, vinous or malt liquors in this State, shall first pay for and take out a license for the privilege of engaging in any business specified by law.

"Sec. 6882. Any person who shall engage  *  *  *  in the sale of spirituous, vinous, or malt liquors in this State, without having paid the tax as provided in this act for said privilege, shall be guilty of a misdemeanor, and upon conviction shall be fined in double the amount of license he would be by the provisions of this act chargeable with." (Kirby's Digest.)

This statute was enacted as a part of the general revenue act of March 31, 1883, and has been held by this court not to have repealed any other statute regulating the liquor traffic, but, as said in *Blackwell* v. *State,* 45 Ark. 90, it "is pointed at those who undertake to carry on the business of selling liquors without the payment of the proper tax. The essence of the offense is the defrauding of the State and county of their legitimate revenues." *Chamberlain* v. *State,* 50 Ark. 132; *Mazzia* v. *State,* 51 Ark. 177.

It is contended that, though the license was void, and appellant criminally liable under another statute for an unlawful sale of liquor without license, yet he is not guilty of violation of the statute under consideration because he once paid the tax for the privilege of selling during the year ending December 31, 1904. It is argued that this statute only prescribes a penalty for engaging in the business without having paid the tax, and that appel-

lant paid the tax, though his license was annulled. We do not think the argument is sound. The payment referred to in the statute manifestly means a payment for the procurement of a valid license, and a payment of the tax without procurement of a license from the county court would not protect. Neither would a payment protect from the penalty of this statute, after the license issued therefor had been annulled.

There is no escape from the conclusion that neither the issuance of the second license without payment of the tax, nor the payment of the tax upon the issuance of the first license, protected appellant from the penalty of the statute which he is charged in the indictment with having violated.

It is manifest from the evidence that the license was issued to and accepted by appellant in good faith and without any intention to defraud the State and county. In making his application for license he was represented by counsel and set forth all the facts. The judge of the county court, as well as the collector and clerk, seem to have treated as valid the order of the court authorizing the issuance of the license without payment of the tax. Under these circumstances the penalty of this statute is a harsh one for what appears to be an unintentional violation of the law. These facts would doubtless appeal with much force for executive clemency, but afford no ground for relief in the courts, where the law must be enforced as it is written.

Affirmed.