ALEXANDER *v.* PHILPOT.

Opinion delivered October 12, 1914.

APPEAL AND ERROR—WITHDRAWAL OF PETITION—RIGHT OF REMONSTRANT TO APPEAL.—Certain persons filed a petition asking that a license to sell intoxicating liquors be granted them under the act of February 17, 1913. A remonstrance was filed, but before the court made an order in the cause, petitioners withdraw the petition. *Held,* by the withdrawal of the petition, the remonstrants obtained what they desired, and they had no right of appeal from the order of the court allowing the withdrawal of the petition.

Appeal from Jefferson Circuit Court; *Antonio B. Grace;* Judge; affirmed.

### STATEMENT BY THE COURT.

This is an appeal from a judgment of the Jefferson Circuit Court, denying appellants' petition for a mandamus. The facts as disclosed by the pleadings and the

agreed statement of facts in the record are substantially as follows:

In January, 1914, H. B. Fienberg and divers other persons filed in the county court of Jefferson County their several applications for license to sell intoxicating liquors in the city of Pine Bluff. Some days thereafter they filed with the county court a petition purporting to contain the names of a majority of the white adult inhabitants of Pine Bluff, praying that license be granted for the sale of intoxicating liquors within that city. The petition was presented under the act approved February 17, 1913, and generally known as the "Going Act."

The appellants appeared, under authority of the act, as remonstrants to the petition, and set up in their remonstrance that the petition did not contain a majority of the adult white inhabitants of the city of Pine Bluff as required by the act.

The court proceeded to hear the testimony and many days were consumed in the trial, and on February 12, 1914, the county court announced that he was ready to give his opinion. Thereupon, the petitioners for license asked leave of the court to take a nonsuit. It was the opinion of all the attorneys in the cause that the petition asking that license be granted and the remonstrance thereto was in the nature of a suit between the parties, and it was agreed that the nonsuit be taken.

On February 17 the remonstrants to the petition filed an affidavit for appeal, in which they set up "that the appeal in this cause is taken because the remonstrants verily believe that they are aggrieved by the judgment of the court in allowing a nonsuit in this cause, and is not taken for vexation or delay, but that justice may be done."

On the 18th of February, 1914, the county court made an order permitting the attorney for the petitioners to take the petition from the files, and on the 28th of February, 1914, the same petition containing additional names was filed in the county court, and the county

court permitted the old petition to become the basis of the new petition for license.

On the 20th of February the appellants, petitioners herein for the writ of mandamus, who were remonstrants in the county court, filed in the circuit court their petition in the present cause, praying a writ of mandamus to compel the county court to make an order granting an appeal to the circuit court, and directing the county clerk to transmit all of the original papers, including the original petition and the record entries, to the clerk of the circuit court. On the 16th of March, 1914, appellants filed an amended petition, setting up substantially the same facts as already stated, and with the alternative prayer, "that if the circuit court should hold that the county court had no authority to grant a nonsuit that a mandamus be granted compelling the county court to hear and determine the matter of the majority or no majority on the original petition, and that said order be entered *nunc pro tunc* as of February 13, 1914, and that said order when so made shall not be allowed to prevent an appeal, or such action as appellants may then see proper to take; that an order be made in the nature of an injunction preventing the county court from considering the original petition as a basis for granting or refusing saloon license until the circuit court shall have heard and determined the relative rights of all parties as presented by the complaint."

*J. M. Shaw* and *W. B. Sorrells,* for appellants.

1. This was not a contest in the nature of a suit between parties wherein individual or personal rights are involved; but it was a public question in the nature of an election to be decided in the manner provided by law. In allowing a nonsuit to be entered, the county court treated the proceeding as a suit between parties, and the signers of the petition as having such individual or personal rights in the petition as would allow them to withdraw it or take a nonsuit. In doing so, the court exercised a discretion in excess of its jurisdiction. 70

Ark. 175; 73 Ark. 18; 40 Ark. 294; 51 Ark. 164; 56 Ark. 115.

2. From the order of the county court, the remonstrants had the right of appeal, which was absolute, and the county court had no discretion to determine whether the appeal was proper or not. Kirby's Dig., § § 1487-1489; 43 Ark. 40. This right being absolute, mandamus will lie to compel its allowance. 35 Ark. 298; 43 Ark. 33; 28 Ark. 294.

3. The petition, under the Going Act, is jurisdictional. Once filed, it can not lawfully be withdrawn and be made the basis of a new petition with additional signatures. The county court was, therefore, without jurisdiction to pass upon the so-called petition on March 28, 1914. Going Act, § § 1, 2.

*W. D. Jones,* for appellees.

1. It is settled beyond controversy in this State that a court trying a case is vested with discretion to permit a plaintiff to discontinue his action and enter a nonsuit after the final submission at any time before judgment is formally entered. Am. & Eng. Enc. of L., 721-728; Kirby's Dig., § 6157; 23 Kan. 262; 69 Ark. 432; 76 Ark. 403.

The county court had the discretionary power not only to allow the nonsuit, but also the withdrawal of the petition. 25 Conn. 133; 21 Okla. 807; 61 Conn. 63; 20 Fla. 425.

2. It is elementary that where an inferior court is vested with discretion as to a particular subject, the writ of mandamus will not lie to control that discretion. 1 Ark. 11; 25 Ark. 615; 3 Ark. 427; 9 Ark. 240; 4 Ark. 302; 11 Ark. 599; 14 Ark. 368; 77 Ark. 101; 82 Ark. 483.

To authorize the issuance of the writ, it must be shown that there was a refusal by the person against whom the writ is sought, to do the act or perform the duty imposed by law which it is the object of the mandamus to enforce. 28 Ark. 294. Here the record does not show that the attention of the county judge was ever

called to the affidavit for appeal, or that he knew it had been filed.

WOOD, J., (after stating the facts). The record does not show that any one of the remonstrants prayed for an appeal to the circuit court, but, even if it had so shown, the remonstrants were not aggrieved by the ruling of the court in allowing the petition to be withdrawn. The remonstrants to the petition were, in effect, asking that the court make no order allowing licenses to sell intoxicating liquors to be issued. When the petitioners were permitted to withdraw their petition, they were no longer asking for licenses, or that such petition be granted, and therefore no order on such petition was made granting licenses.

The withdrawing of the petition placed *in statu quo* the matter of granting or not granting licenses to sell intoxicating liquors in the city of Pine Bluff. After the petition was withdrawn, no licenses could be issued until the ''Going law'' was complied with. The order of the court allowing the petition to be withdrawn was, in legal effect, tantamount to making no order permitting licenses to be issued. The remonstrants were contending for this, and by the order of the court they obtained virtually that for which they were contending. They were, therefore, not aggrieved by the court's order and had no right to appeal from such order.

In *Phillips* v. *Goe,* 85 Ark. 304, we said: ''The parties who appealed from the orders of the county court were parties to the proceedings, but they were not protestants, and therefore were not persons aggrieved by the judgment appealed from, within the meaning of the statute allowing appeals to be taken from judgments of the county court.''

The cases of *Bordwell* v. *Dills,* 70 Ark. 175; *Wilmans* v. *Bordwell,* 73 Ark. 418, and *Clark* v. *Daniel,* 77 Ark. 122, and other cases on which appellants rely, are not analogous and not in point. There the petitioners had signed a petition to put in force the three-mile law prohibiting the sale of liquor, and the court held that after

the petition had been filed with the county court and had been taken up for consideration it was not within the province of the petitioners to withdraw their names from the petition without leave of the court, and that such leave could not be granted except for good reasons, because the petitioners had inaugurated a proceeding for a salutary police regulation for the preservation of morals and protection of the peace of the citizens. Here the petitioners were seeking to do precisely the opposite of what the petitioners were asking in those cases. Here the petitioners were asking that licenses be granted to sell intoxicating liquors and the remonstrants were objecting to that, and when the petition was withdrawn it was equivalent, as before stated, to giving the remonstrants what they were asking for. In the language of the learned circuit judge: "The withdrawal of the petition defeated all application for saloon licenses, which was precisely what the remonstrants desired." The petition became *functus officio,* so far, at least, as that case was concerned.

As to whether or not a petition, after having been once filed and thereafter by the permission of the court withdrawn, could have other names added thereto and then be refiled as an original application for the granting of licenses under the provisions of the "Going law," and as to whether or not such petition has completely performed all of its functions as a petition for the granting of licenses when it has been once filed and taken up for consideration under the provisions of the "Going law," are questions not now before us. These are questions upon which we expressly reserve decision.

The judgment of the circuit court denying the writ of mandamus is in all things correct, and it is affirmed.