ARGENTA RETAIL LIQUOR-DEALERS' ASSOCIATION *v.*
McCLURE.

Opinion delivered December 7, 1914.

1.   LIQUOR—PETITION FOR LICENSE—PRESUMPTION—TIME.—Where a petition for the granting of licenses to sell liquor does not state the year intended to be covered by the licenses, the presumption will be that the issuance of license are requested immediately, and the license would cover only the year in which it was issued.

2.   LIQUOR—LICENSE UNDER "GOING LAW"—RIGHT TO FILE MORE THAN ONE PETITION.—Under Act 59, Acts 1913, known as the "Going Law," a petition requesting that licenses to sell liquor, may be filed in the county court at any time, and adverse action upon one petition by the court does not preclude the subsequent consideration of another petition.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

STATEMENT BY THE COURT.

On the 16th of January, 1914, certain adult white inhabitants of the city of Argenta filed a petition in the Pulaski County Court in an attempt to comply with the requirements of Act No. 59 of the Acts of 1913. Upon

hearing this petition, the county court found the fact to be that the petition had been signed by a majority of the adult white inhabitants of said city, and thereupon declared it lawful to issue license to sell liquor within the corporate limits of said city, and licenses were issued to a number of persons, authorizing them to engage in this traffic in said city. One I. D. McClure was made a party to this proceeding in the county court, and appealed from the order of the court declaring that the requirements of said act had been met, and this appeal was heard by the circuit court on the 21st day of September, 1914, at which time, after having taken testimony for a number of days, the circuit court found the facts to be that the said petition did not contain a majority of the adult white inhabitants of said city. The circuit court thereupon ordered that the prayer of said petition be denied and all licenses for the sale of liquor in the city of Argenta, issued by the county court by reason of the jurisdiction purported to have been conferred upon it by virtue of said petition, were declared void, and the judgment of the circuit court was certified to the county court and made the judgment of that court. On the 16th of October, 1914, a second petition was filed in the county court in the following language:

"We, the undersigned, state that we are adult white inhabitants living within the corporate limits of the city of Argenta, in the county of Pulaski, and State of Arkansas, and we do hereby ask and petition the county court of said county that license for the sale of intoxicating liquors of all kinds, including alcoholic, malt, vinous, and spirituous liquors of all kinds, and all compounds and preparations thereof, be issued for said city of Argenta."

This petition was signed by 2,460 persons.

The said I. D. McClure was made a party to this proceeding, and filed a motion to quash the petition for the following reasons:

1. "Because a petition having been presented on the 1st day of January, 1914, praying for license for the year 1914, and a remonstrance against the granting of

license for the year 1914 having been filed in connection therewith, the petition was heard and denied, and the court is without jurisdiction to hear another petition for license in the present year.''

2. ''That the petition filed herein is too indefinite, as it fails to state when the license prayed for is to be' granted.''

The county court overruled the motion to quash and, upon a hearing of the petition, ascertained the fact to be that it did, in fact, contain a majority of the adult white inhabitants of the city of Argenta, and adjudged that liquor license might be issued in said city.

An appeal from this order was duly prosecuted to the circuit court, where the same motion to quash was again presented, whereupon the circuit court, after having heard the same, granted the prayer thereof, and denied the prayer of those who petitioned for the issuance of liquor license. The circuit court directed the cancellation of all liquor licenses which had been issued under the second judgment of the county court, and the petitioners for license under this second proceeding have duly prosecuted this appeal.

*J. W. & J. W. House, Jr.,* for appellant.

1. The county court had jurisdiction, under the ''Going Act,'' to hear the second petition the same year after the first petition was declared insufficient. The act does not prohibit or forbid a second petition, nor is the question *res judicata*. The cases cited by appellee (42 Atl. 170, and 53 N. J. Law, 553; 22 Atl. 122), were based on statutes which specifically provided that there could be but one application to be filed at a stated time. Here there is no application for license at all, but the petition was a condition to be complied with prior to the issue of license. *McClure* v. *Topf & Wright,* 112 Ark. 342, 166 S. W. 174, was based on the statute of Kansas which settled the question for the year. The decisions of this court on similar statutes seem conclusive of this. 59 Ark. 344; 72 Ark. 189, 190. See, also, 20 Ga. 583-4; 15 Minn.

159; 8 U. S. 48, etc. A petition and remonstrance is not a *suit*, and hence there can be no *res judicata*. In 77 Ark. 296, this court approved a second application.

2. The petition is not indefinite; it means *now* or the present year, 1914. 73 Ark. 420; 76 *Id.* 170; 108 N. W. 113; 61 S. W. 277; 79 *Id.* 316.

3. The "suit" or question was not between the same parties, nor is it alleged the two petitions embraced the same subject-matter, so it can not be said it was *res judicata*. The word "when" in the act means "if" or "whenever." 20 Ga. 583; 15 Minn. 159; 8 U. S. 48; that "at any time," etc.

*Isgrig & Cannon*, for appellees.

1. The petition is too indefinite; it does not state *when* the license is wanted—this year or next. Kirby's Dig., § 5107.

2. The question is *res judicata* for this year, and no second petition can be filed. 42 Atl. 170; 62 N. J. L. 644; 53 N. J. L. 553; 22 Atl. 122; 115 Ky. Law Rep. 204, 74 S. W. 1054.

The cases, 40 Ark. 290 and 77 *Id.* 296, are not in point. The proceedings under the "three-mile law" are entirely different.

SMITH, J., (after stating the facts). We have recently had occasion to construe the Act No. 59 of the Acts of 1913, commonly known as the Going law, and by which name it will hereinafter be designated. See *Havis* v. *Philpot,* 115 Ark. 250; *Hickey* v. *State,* 114 Ark. 526; *McClure* v. *Topf & Wright,* 112 Ark. 342, 166 S. W. 174. In these cases it was decided that this Going Act did not provide for an election, nor did it undertake to prescribe any class of persons to whom license to sell liquor might be issued; but it was held in those cases that the State, in the exercise of its police power, had undertaken to prescribe a condition precedent for the issuance of liquor license to any one. This Going Act became effective on the 31st day of December, 1913, and by section 1 of that act it is made unlawful for any court, or

town or city council, or any officer thereof, to issue any license, authorizing the sale of intoxicants, except upon the conditions prescribed by said act. Section 2 of said act states the conditions under which license may be issued to any one, and its provisions, so far as they need be considered here, are as follows:

"Section 2. When a majority of the adult white inhabitants living within the incorporated limits of any incorporated town or city in this State, shall have signed a petition to the county court of the county in which said town or city is situated, asking that license for the sale of intoxicating liquors be issued for that town or city, then the said county court may issue such license for a period already provided by law."

(1) It is true that the petition in this case did not state the year for which the petitioners desired the court to grant licenses for the sale of liquor. The presumption would be that petitioners desired immediate action of the court, and such action would, of course, cover the present year. Although the petition does not state the year, its very language indicates the desire of the petitioners to have action taken for the present year.

But the principal question in this case, and the one upon which the court below based its findings, was that the Going Act contained no provision for the filing of a second petition in any given year. The finding of the court below was evidently based upon the view, now urged upon us, that it is the policy of the law to have these questions settled, and that when petitioners have once invoked the action of the court, and have been unsuccessful because of their failure to secure the signatures of the requisite majority, that the policy of the court thereby becomes fixed for the remainder of that year and the court is thereafter without jurisdiction to entertain a second petition. But such is not the language of the statute. Sections 5128-5132 of Kirby's Digest constitute what is commonly known as the three-mile law, and section 5129 of Kirby's Digest provides that *"whenever"* the adult inhabitants residing within three miles of any

school, church, or institution of learning, shall desire to prohibit the sale or giving away of intoxicating liquors of any kind, they may file a petition with the county court of the county wherein such institution of learning or church is situated, praying that the sale or giving away of intoxicating liquors be prohibited within three miles of any such institution, and, upon the prayer of such petition being granted, it is made unlawful to sell liquor within three miles of the designated point for a period of two years, and until, upon a petition of similar requirements, this prohibitory order is revoked.

This three-mile statute has been construed by this court in a number of cases, all of which hold that the petition may be filed at any time and that the prohibitory order becomes effective whenever the prayer of the petition is granted.

It is thoroughly well settled by the decisions of this court that, notwithstanding license to sell liquor may have been properly granted, such license becomes void whenever it shall be adjudged that the requirements of this three-mile law have been met, and that there is no limitation upon the frequency with which such petitions may be filed. *Alexander* v. *State,* 77 Ark. 294.

(2)   The Going law is, in principle, the converse of the three-mile law, and under its provisions the people who desire the sale of liquor become the petitioners, and the burden is upon them to secure the assent of a majority of the adult white inhabitants. No one can sell liquor until this assent has been secured and evidenced in the manner provided by the Going Act. But, whenever that assent has been secured, the condition is then met which permits the county judge to exercise his discretion in the granting of liquor license for the remainder of the calendar year for which such petition was granted. This Going law does not undertake to limit the number of petitions which may be filed, nor does it undertake to provide when they shall be filed; and we think the proper interpretation of the portion of section 2 above set out is that a petition may be filed at any time, and that adverse ac-

tion upon one petition by the county court does not preclude the subsequent consideration of another petition. *Alexander* v. *Philpot,* 114 Ark. 338, 169 S. W. 1187.

The judgment of the court below is, therefore, reversed and the cause will be remanded with directions to overrule appellee's motion to quash appellant's petition.