## HOLMES v. MORGAN.

1. LIQUORS: *Appeal from order prohibiting sale of.*
   An order of the County Court prohibiting the sale of liquors under the three-mile law, is not an allowance against the county within the meaning of Sec. 51, Art. 7 of the Constitution, which provides that in all cases of allowance against a county, an appeal shall lie to the Circuit Court "at the instance * * * * * of any citizen or resident and tax-payer" of the county.

2. SAME: *Same.*
   An appeal from an order of the County Court, prohibiting the sale of liquors under the three-mile law, cannot be taken by one who did not become, or make any effort to become, a party to the proceeding in which the order was made.

APPEAL from *Desha* Circuit Court.

JOHN A. WILLIAMS, Judge.

The appellants filed their petition in the Desha County Court, making the statutory allegation as to age and place of residence, and praying for an order prohibiting the sale of

liquor within three miles of Bethlehem Church, in said county.

The petition was filed January 3, 1887, and on the same day an order was made, in accordance with the prayer of the petition. Four months afterwards, to-wit.: on April 30th, 1887, the appellee's intestate, B. F. Morgan, as a " citizen and taxpayer " filed with the Clerk, in vacation, an affidavit for an appeal from this order, and the appeal was granted.

At the next July term of the Circuit Court, the petition came on for hearing " in that court, and the Circuit Court found from the evidence that the petition did not contain a majority of the adult inhabitants, and therefore dismissed the petition, adjudged the cost against the petitioner and awarded execution."

Sec. 51, Art. 7 of the Constitution, is as follows :

That in all cases of allowances made for or against counties, cities or towns, an appeal shall lie to the Circuit Court of the county, at the instance of the party aggrieved, or on the intervention of any citizen or resident and tax-payer of such county, city or town, on the same terms and conditions on which appeals may be granted to the Circuit Court in other cases ; and the matter pertaining to any such allowance shall. be tried in the Circuit Court *de novo.* In case an appeal be taken by any citizen, he shall give a bond, payable to the proper county, conditioned to prosecute the appeal and save the county from costs on account of the same being taken.

*W. S. McCain,* for appellants.

Morgan never made himself party to the proceedings. He was a stranger and could not appeal. *30 Ark., 578 ; 47 id., 411.* The judgment was not an *allowance* against the county. *Const., Art. 7, sec. 51.* The Circuit Court had therefore no jurisdiction on appeal, and its judgment for costs was void. *6 Atl. Rep., 910 ; Mansf. Dig., sec. 1042.*

No judgment for costs can be rendered in an *ex parte* proceeding. *Bouvier, "Costs"; 12 Ark., 60.*

PER CURIAM. The judgment of the County Court was not an allowance against Desha County within the meaning of Section 51, Article 7, of the Constitution.

We are not called to decide whether B. F. Morgan might or might not have become a party to the proceeding in the County Court. It is sufficient to say that he made no effort to avail himself of the right, if it existed.

Not being a party to the proceeding, he could not appeal. *Austin v. Crawford Co., 30 Ark., 578.*

Reverse and remand with instructions to dismiss the appeal.