## HOLFORD *v*. KIRKLAND.

Opinion delivered December 6, 1902.

LIQUORS—THREE-MILE PETITION—RIGHT TO APPEAL.—Where, in a proceeding to set in force the three-mile prohibition law, the record of the county court shows that K. and others appeared and resisted the petition, without showing who the others were, and that G. filed an affidavit and prayed an appeal to the circuit court, the appeal was properly dismissed in the latter court, as no one except a party could take an appeal.

Certiorari to White Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*Grant Green,* for appellants.

The circuit court had no jurisdiction. 18 Ark. 209; 26 Ark. 491; 28 Ark. 478; 30 Ark. 578; 45 Ark. 411; 52 Ark. 99. The appeal was not properly taken. Sand. & H. Dig. §§ 1264-67.

BATTLE, J. B. F. Holford and others, representing themselves to be adult inhabitants residing in three miles of a certain

public school house in the town of Bald Knob, in this state, by petition asked the White county court for an order prohibiting the sale of liquor within three miles of said school house. D. O. Kirkland filed an answer in the words following: "Comes D. O. Kirkland *et al.,* adult inhabitants living within three miles of the public school building located in the town of Bald Knob, Ark., and state: That they deny that the petition filed here contains a majority of the adult inhabitants of the territory mentioned in said petition, and they state further that a number of the parties who signed the petition are not eligible for various reasons, which they will show to the court when they have an opportunity to inspect said petition. Wherefore the said D. O. Kirkland *et al.* pray that this court dismiss said petition, and for other proper relief." Kirkland and the unknown persons mentioned as *"et al.",* were not expressly made parties, but he was treated as such, and in that manner was virtually made a party. The cause was heard and submitted upon the issues raised by the petition and his answer, and the court found in favor of the petitioners, and made an order prohibiting the sale of liquor within three miles of the school house described in their petition.

C. H. Grant, styling himself "D. O. Kirkland *et al.",* filed in the county court an affidavit in the following words: "Comes D. O. Kirkland *et al.,"* who are adult inhabitants living within three miles of the public school building located on the southwest corner of section seventeen, township eight north, range five west, in the town of Bald Knob, White county, Ark., and pray an appeal to the White circuit court from the judgment of this court herein, and say on oath that the appeal is not taken for the purpose of vexation or delay, but that justice may be done.

[Signed] C. H. Grant.

Subscribed and sworn to before me this 10th day of January, 1902. H. A. Smith, County Clerk."

He evidently took the appeal and made the oath as one of the *"et al.",* one of the others mentioned in his affidavit. The record in this court does not show who the others were, or that he was made or recognized as a party in the case. But the county court, on his application, granted an appeal to the White circuit court.

In the circuit court the petitioners moved the court to dismiss the appeal because the affidavit and prayer therefor, filed in the

county court, were not such as is required by law. The circuit court overruled the motion, and afterwards, upon hearing the cause upon its merits, reversed the order of the county court, and dismissed the petition, and the petitioners appealed.

Ought the circuit court to have dismissed the appeal? This question was decided by this court in *Holmes* v. *Morgan,* 52 Ark. 99. In that case the court held that no one, except a party to the proceeding, can take an appeal in a case like this. See *McCullough* v. *Blackwell,* 51 Ark. 159. C. H. Grant, who took the appeal to the circuit court in this case, was not a party, and had no right to take the appeal.

Reverse and remand with instructions to dismiss the appeal.