TURNER v. WILLIAMSON.

Opinion delivered February 10, 1906.

FERRY LICENSE—GRANT—RIGHT OF APPEAL.—One to whom a ferry license at a certain place has been granted is not entitled, as a "party aggrieved," within Kirby's Digest, § 1487, to appeal from an order granting a subsequent license to another to operate a ferry at the same place unless he procures himself to be made a party to the proceeding before rendition of the judgment therein.

Appeal from Izard Circuit Court; JOHN W. MEEKS, Judge; reversed.

STATEMENT BY THE COURT.

On April 6, 1905, appellants obtained from the county court

of Stone County a license to operate a public ferry at Sylamore, Ark., across White River between Stone and Izard counties; and on April 10, 1905, they obtained a license from the county court of Izard County to operate the same ferry. On the same day (April 10, 1905) appellee, Williamson, also obtained a license from the Izard County Court to operate a ferry across White River at Sylamore. Appellee was not a party to the proceedings in the county court wherein the license was granted to appellants, but at the July term of the court he filled an affidavit for appeal to the circuit court from the order granting license to appellants, and caused said affidavit and a transcript of the record to be filed in the office of the clerk of the circuit court where the cause was docketed.

When the cause was reached for hearing in the circuit court, appellants filed a motion to dismiss the appeal on the ground that appellee Williamson was not a party to the proceedings, and therefore had no right to appeal from the order. The motion was overruled, and exceptions were saved by appellants.

The cause was then heard by the court upon oral testimony, and judgment was rendered declaring the license issued to appellants void, for the reason that the ferry was operated within one mile of Williamson's ferry, which had been previously established and because Williamson's previous license did not expire until April 11, 1905, one day after the date of appellant's license.

*R. Gulley, John B. McCaleb* and *Bradshaw, Rhoton & Helm,* for appellants.

1. The circuit court was without jurisdiction. Only parties to a proceeding can prosecute an appeal. 71 Ark. 84; 52 Ark. 99; 28 Ark. 479; 47 Ark. 411; 30 Ark. 578; 26 Ark. 461.

2. The establishment of a public ferry was a question for the county court, whose decision was binding upon all persons unless appealed from. Kirby's Digest, § 3558; 26 Ark. 464; 20 Ark. 573; 41 Ark. 209.

3. The circuit court erred in declaring appellants' license void. The county court has authority to establish two ferries within a mile of each other, upon satisfactory proof of the necessity therefor. Kirby's Digest, § 3575.

*J. B. Baker,* and *Horton & South,* for appellee.

1.   A ferry, once lawfully established, becomes a permanent franchise until abolished.   36 Ark. 466; 23 Ark. 514; 20 Ark. 561.   It was not necessary to obtain license from both counties. Kirby's Digest, § 3559; 23 Ark. 514.   The ferry of appellee being a previously established ferry, another could not be established within one mile of it, except as provided by statute.   Kirby's Digest, § 3575.   The circuit court's finding that appellants' ferry did not come within the exception of the statute will not be disturbed, unless it is without evidence to support it.   68 Ark. 83; 56 Ark. 621; 54 Ark. 229; 53 Ark. 327; 45 Ark. 41.

2.   Appellee, owning a previously established ferry, was injuriously affected by the order establishing appellants' ferry within one mile of his own, was aggrieved thereby, and had a right of appeal.   Kirby's Digest, § 1487.   The statute is remedial, and should be liberally construed.   23 Am. & Eng. Enc. of Law, 1 Ed. 409 and note 3; *Ib.* 414-416.   See also, 18 Am. & Eng. Enc. of Law, 1 Ed. 1; *Ib.* 2; 46 Ark. 383; 49 Ark. 530.   Having no notice of the proceeding in county court in time to appear and assert his rights, appellee was entitled, within the time allowed by statute, to appeal to the circuit court.   64 Ark. 349; 69 Ark. 48; 60 Ark. 519.   See also 52 Ark. 213; 30 Ark. 17; 39 Ark. 399.

McCULLOCH, J., (after stating the facts.)   Did Williamson have the right of appeal from the order of the county court granting ferry license to appellants?

Section 33, article 7, of the Constitution provides that "appeals from all judgments of county courts   *   *   *   may be taken to the circuit court under such restrictions and regulations as may be prescribed by law."

The statute provides that "appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court at any time within six months after the rendition of same   *   *   *   by the party aggrieved filing an affidavit," etc.   Kirby's Digest, § 1487.

The question then arises, who, in the meaning of the statute, is "the party aggrieved" at the judgment appealed from?   Is it any person who objects to its enforcement and who manifests that objection by appearing within six months and filing an affidavit for appeal, or is it necessarily a party to the judgment against whom the court has decided?

This court has held that in proceedings to set in force the three-mile prohibition law one who had not appeared before judgment and applied to be made a party could not appeal from the judgment. *Holmes* v. *Morgan,* 52 Ark. 99; *Holford* v. *Kirkland,* 71 Ark. 48. And that one not a party to the proceeding in the county court wherein a contract is made for building a county jail and the bond of the contractor approved can not appeal from the judgment. *Armstrong* v. *Truitt,* 53 Ark. 287. It has also held, prior to the adoption of the present Constitution, that citizens who have not made themselves parties to a proceeding in which an allowance against the county is sought can not appeal from the judgment of allowance. *Chicot County* v. *Tilghman,* 26 Ark. 461; *Austin* v. *Crawford County,* 30 Ark. 578. In *Johnson* v. *Williams,* 28 Ark. 479, an effort was made by the heirs of a decedent to appeal from a judgment of the probate court allowing a claim against the estate of such decedent, and the right to appeal was denied because the heirs were not parties to the proceeding; and in *Arnett* v. *McCain,* 47 Ark. 411, the right of heirs to appeal from an order of the probate court directing the administrator to sell lands of the ancestor for payment of debts was denied on the same ground.

Learned counsel for appellee rely upon the case of *Ouachita Baptist College* v. *Scott,* 64 Ark. 349, as sustaining the right of appeal without having been a party to the proceedings. In that case an appeal was taken by the heirs of a testator from a judgment of the probate court admitting the last will and testament to probate in common form without notice to the heirs, and the court held that the appeal could be taken by the heirs who had not been made parties to the proceedings. The decision was put on the ground that adversary rights were involved in the judgment admitting the will to probate, that no other method was under the law afforded the heirs for contesting the will, and that the conclusion reached met the requirements of the constitutional provision which declares that "any person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive, in his person, property or character." There is, however, a broad distinction between the rights involved in that case and in the case at bar. In that case private rights were involved, and were adversely adjudicated by admitting the will to probate, and no other

remedy was open under the law than by allowing an appeal. The appellants, in that case, were "entitled to their day in court," and in no other way could they secure it. But in the case at bar no adverse private rights were directly adjudicated. The granting of a ferry license is not the adjudication of private rights, though such rights may incidentally grow out of the license granted. The county court, in granting a ferry license, does so for the benefit of the public, though the individual who obtains the license receives an incidental benefit, and private rights grow up under it. It is true that, in granting a license to Turner and Thomas, the court indirectly and incidentally created competition for Williamson in his business as ferry keeper, but the judgment granting the license was not such a direct adjudication of his rights as made him "the party aggrieved." The county court had the power, under certain conditions named in the statute, to grant more than one ferry license at the same place, and because it did so it can not be said that the judgment was an adjudication of the rights of the party who first obtained license, unless he made himself a party before rendition of the judgment.

The judgment of the circuit court is therefore reversed, and the appeal from the county court of Izard County dismissed.