PHILLIPS v. GOE.

Opinion delivered January 27, 1908.

LIQUORS—REVOCATION OF PROHIBITORY ORDER—RIGHT TO APPEAL.—One who appeared in the probate court and asked that an order prohibiting the sale of liquors within a certain three-mile territory be revoked is not "aggrieved" if, without objection on his part, the court granted his petition and revoked such order, and therefore is not entitled to appeal from such order of revocation.

Appeal from Poinsett Circuit Court; *A. B. Shafer,* Special Judge; reversed.

*L. C. Going,* for appellants.

Appellees were not aggrieved, within the meaning of the statute, and could not appeal. Kirby's Digest, § 1487. "He who voluntarily sets on foot a proceeding for the enforcement of a salutary police regulation in any community should not be permitted to capriciously undo his work." 70 Ark. 178; 51 Ark. 164; 77 Ark. 122; 75 Ark. 157. The right of appeal is to be exercised by the *losing party.* 73 Ark. 369.

*E. L. Jacobs* and *J. F. Gautney,* for appellee.

The successful party may appeal where the judgment, although in his favor, does not afford the proper relief, or where he is injured thereby. 2 Enc. Pl. & Pr. 157, note 6. Also for the purpose of correcting errors. 8 La. Ann. 341.

McCULLOCH, J. Sixty-five persons, including appellees Goe and Meyer, claiming to be a majority of the adult inhabitants residing within three miles of Union Church at Weiner, in Poinsett County, Arkansas, filed their petition in the county court in that county on January 3, 1907, praying that a certain order rendered by that court on January 1, 1903, prohibiting the sale of intoxicating liquors within three miles of said church, be revoked. The county court on the same day, without protest having been made, entered an order in accordance with the prayer of said petition, revoking said prohibition order.

On March 15, 1907, appellees Goe and Meyer filed their affidavit with the clerk praying an appeal from said order, and pursuant thereto a transcript of the proceedings was lodged in the circuit court. At the March term of the circuit court, appellants Phillips and Walters, two of the original petitioners, appeared and moved to dismiss the appeal on the ground that the petitioners had no right to appeal from the order granted pursuant to the prayer of their own petition. The circuit court overruled the motion to dismiss the appeal, and proceeded to trial *de novo,* and after hearing the evidence found that the petition did not contain a majority of the adult inhabitants residing within the radius named, and denied the prayer of the petition. Appeal has been taken to this court from that judgment.

The controlling question presented for our consideration is whether or not the petitioners had a right under the statute to appeal from the revocation order which had been granted pursuant to the prayer of their own petition.

It has been held by this court that, in proceedings to set in force the three-mile prohibition law, one who has not appeared before judgment and applied to be made a party cannot appeal from the judgment. *Holmes* v. *Morgan,* 52 Ark. 99; *Holford* v. *Kirkland,* 71 Ark. 84. The same rule necessarily follows in a proceeding to revoke such an order.

The parties who appealed from the order of the county

court were parties to the proceedings, but they were not protestants, and therefore were not persons aggrieved by the judgment appealed from, within the meaning of the statute allowing appeals to be taken from judgments of the county court. After the filing of the revocation petition, petitioners had no right to withdraw their names except for good cause shown. *Bordwell v. Dills,* 70 Ark. 175; *Clark v. Daniel,* 77 Ark. 122. But they had the right to protest against the granting of their own petition on the ground that it did not contain a majority of the adult inhabitants within the radius. They could have protested against the granting of the order on that ground, but, not having done so, they stand now in the attitude of having appealed from a judgment rendered in their own favor. This they could not do, for the reason that they were not aggrieved by the judgment within the meaning of the statute. It is only such persons as are aggrieved by judgments of a county court that are allowed to appeal therefrom. This court, in the case of *Turner v. Williamson,* 77 Ark. 586, which was an appeal from the judgment of a county court granting a ferry license, propounded the following inquiry: "Is it any person who objects to its enforcement and who manifests that objection by appearing within six months and filing an affidavit for appeal, or is it necessarily a party to the judgment, against whom the court has decided?" The court proceeded to answer the inquiry by holding that one who was not a party to the record, even though he should be incidentally injured by the issuance of the license, could not appeal. It follows from this that petitioners Goe and Meyer, not having protested against the granting of the order, were not aggrieved by the judgment, and therefore had no right to appeal.

Reversed and remanded with directions to dismiss the appeal.