BARNWELL v. GRAVETTE.

Opinion delivered October 5, 1908.

MUNICIPAL CORPORATIONS—ANNEXATION—PARTIES.—Persons who filed a remonstrance in the county court protesting against the annexation of territory to a municipal corporation should be treated as parties to such proceeding and be allowed to appeal from an adverse judgment of that court.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*Rice & Dickson,* for appellants.

Appellants became parties to the proceedings upon filing the remonstrance, even if they were not made parties by the prior notice and the proceedings against their lands as set out in the county court's judgment. While the judgment did not disclose the filing of the remonstrance, this could have been shown by a *nunc pro tunc* order; hence the court ought to have dismissed the appeal absolutely and without leave to amend. 57 Ark. 187; 64 Ark. 350; 51 Ark. 347; 31 Ark. 2-10; 30 Ark. 775; 33 Ark. 508.

*McGill & Lindsey,* for appellee.

The mere filing of their remonstrance was not sufficient to make appellants parties to the county court proceedings. The statute provides that any person interested may *appear* and *contest* the granting of the petition. Kirby's Dig. § § 5575, 5519. See 33 Ark. 508; 43 Ark. 324; 54 Ark. 321. Under the three mile liquor statute it is held that no interested persons can appeal from the county court unless they appeared in that court and were made parties, or were treated as contesting parties, or took all necessary steps to make themselves parties. 40 Ark. 290; 51 Ark. 591; 52 Ark. 99; 71 Ark. 84. See also 30 Ark. 578; 47 Ark. 411; 66 Ark. 82. If appellants could have shown by *nunc pro tunc* order that they in fact appeared and made a contest in the county court, they should have set up that fact in circuit court and asked for a continuance.

HILL, C. J. On April 16, 1907, there was filed in the county court of Benton County a petition on behalf of the town of Gravette, signed by the mayor, the designated agent of the town, and twenty-one petitioners, praying for the annexation to that town of certain described territory. It was alleged that the proceedings were pursuant to an ordinance passed on February 19 by the town council and voted upon April 12 at the regular election.

On the 9th of May, a petition signed by twenty-one persons "living and freeholders within the boundaries set forth in the

petition above referred to, who do most positively protest and remonstrate against the granting of said petition," was filed with the county clerk.

The 10th of June was the date the petition for annexation was set for hearing, and it was submitted on that day; and on the 17th of June it came on for final hearing, and the court granted it, and declared the described territory to be annexed and made a part of the town of Gravette. The judgment recited that it appeared from the certificate of the election commissioners that at the regular municipal election on the 12th of April there was a vote on the subject, resulting 59 to 39 in favor of annexation, and that notice had been duly published pursuant to the statute. No reference was made in the judgment to the remonstrance, but the judgment refers to the submission of the cause and the final hearing of it on the 17th of June.

On the 15th of July three of the signers of the petition of remonstrance joined in an affidavit and prayer for an appeal from this judgment of the county court. It was filed on the 17th of July with the circuit clerk, and the appeal by him granted. Appellants on the same day filed with the county clerk a notice to him of the appeal, and that they had filed "a complaint against the annexation." The complaint against annexation filed in the circuit court set forth in nine paragraphs their reasons for opposing the annexation. It is unnecessary to consider them on this appeal.

The town moved the circuit court to dismiss the appeal, on the ground that it did not appear from the record of the county court that the appellants were made parties or asked to be made parties to the proceedings in the county court. The court found that the said appellants had filed with the clerk of the county court a protest on the ninth of May against the annexation of the designated territory, but that none of them were ever made parties to the proceedings or asked to be made parties thereto, or contested the same in the county court, and held that they had no right to appeal from the judgment of the county court in the matter, and dismissed the appeal; and the remonstrants have appealed to this court.

The appeal from the county court was properly prosecuted and the statute complied with, and the sole inquiry is whether

the filing of the protest was such a joining of the parties as to entitle them to appeal from the judgment annexing the designated territory, against which annexation they in apt time remonstrated.

The authority for the annexation is sec. 5519, Kirby's Digest, and the procedure is provided in said section and in 5574, 5575 and 5576, as far as applicable. Thirty days are allowed for a notice of complaint against such annexation; and where such complaint has been heard and dismissed, then thirty days must elapse before the order of annexation shall be made. This thirty days after the dismissal of the complaint is evidently in order to allow the remonstrants to appeal. There can be no other purpose for it in the legislative scheme. That course was pursued in this case, and was a proper recognition by the county court that a complaint had been filed. While it was not formally dismissed, yet the contrary judgment was a denial of the contentions of the remonstrants. No reasons, legal or otherwise, are alleged in the remonstrance against the petition. It is a mere protest. But it is sufficient to entitle the parties to a hearing. There do not have to be reasons for attacking the validity of the proceedings in order to defeat the annexation. Sec. 5575 provides that any person interested may appear and contest the granting of the petition; and sec. 5576 provides that it shall only be granted where the statutory provisions are complied with, and it "be deemed right and proper in the judgment and discretion of the court that said petition should be granted."

The nature of this proceeding is fully discussed by Mr. Justice EAKIN in *Dodson* v. *Fort Smith,* 33 Ark. 508. While some of the language of the discussion may not be in accord with the since settled practice of trials *de novo* in the circuit court, yet the case as a whole is undoubtedly sound. These remonstrants became parties to the proceedings in the way in which they were authorized by the statute to become so—that is, by filing a petition against the annexation within the time prescribed by the statute. Under the repeated decisions of this court in analogous cases, this made them parties and entitled them to take an appeal. *Dodson* v. *Fort Smith,* 33 Ark. 508; *McCullough* v. *Blackwell,* 51 Ark. 159; *Lee County* v. *Robertson,* 66 Ark. 82;

*Reese* v. *Steel,* 73 Ark. 66; *Whissen* v. *Furth,* 73 Ark. 366; *Bowman* v. *Frith,* 73 Ark. 523.

The court erred in not entertaining the appeal and hearing the case *de novo.*

Judgment reversed and cause remanded.