## BAILEY *v*. WEST.

### Opinion delivered July 15, 1912.

1. APPEAL AND ERROR—REVIEW—FINDING.—On appeal from an order of a county court prohibiting the sale or giving away of intoxicants within three miles of a schoolhouse, where there was a conflict upon the issue whether appellants presented their petition to the county court to be made parties for the purpose of remonstrating, a decision of the circuit court dismissing the appeal implies a finding in favor of the appellees on that issue. (Page 436.)

2. LIQUORS—THREE-MILE LAW—RIGHT TO APPEAL FROM ORDER ENFORCING.—A licensed liquor dealer has no right, any more than any other citizen, to appeal from an order of the county court putting in force the three-mile prohibitory law (Kirby's Digest, § 5129), unless he makes himself a party to the proceeding in the county court. (Page 437.)

3. SAME—PROCEEDING TO ENFORCE THREE-MILE LAW—PARTIES.—It was not an abuse of discretion for the county court to refuse to permit a licensed liquor dealer to become a party to a proceeding to set in force the three-mile prohibitory law where the testimony had already been heard and the judgment of the court rendered. (Page 438.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*Stuckey & Stuckey* and *Campbell & Suits,* for appellents.

1. Appellants were parties to this proceeding as a matter of right, and had the absolute right of appeal to the circuit court. 35 Ark. 69; 36 Ark. 184; 37 Ark. 374; 40 Ark. 290; 52 Ark. 99; 71 Ark. 84; 85 Ark. 304; 51 Ark. 159; 70 Ark. 175; 91 Ark. 595; 61 Ark. 287; 91 Ark. 79.

2. If appellants were not parties to the proceeding under the law *proprio vigore,* independently of any technical orders entered by the county court, there was an abuse of discretion by the county court in not making the order making them parties, and an abuse of discretion by the circuit court in refusing to consider them parties, in refusing to try the case *de novo,* and in dismissing the appeal.

3. The circuit court erred in refusing to permit appellants to introduce evidence showing the number of persons' names on the petition not included in the census filed by petitioners, and that in estimating the adult population there were 1,460 adults within the radius not included in the total estimate of adults.

*J. B. McCaleb, Ira J. Mack, Jones & Campbell,* and *O. W. Scarborough,* for appellees.

1. The evidence shows that the county court had heard the petitions and census and had rendered judgment thereon before these appellants asked to be made parties. They had no right, under the circumstances, to be made parties, and there was no abuse of discretion in denying them that privilege. That persons who are not parties to a proceeding have no right of appeal is elementary. 47 Ark. 411; 28 Ark. 479; 85 Ark. 304; 52 Ark. 99; 71 Ark. 84; 91 Ark. 595. Appellants had no vested rights that would be affected by the proceeding. The fact that they had engaged in the liquor business in Newport in the year 1909 gave them no greater rights than if they had engaged in any other business in that year. 40 Ark. 295; 42 L. R. A. (Ga.) 181.

2. The county court properly refused appellants' petition to be made parties, *supra.* When a judgment is rendered, it becomes valid and effective, although not entered. 40 Pac. 390; 20 S. E. 310; 59 Ark. 588.

3. Appellants' remedy was to appeal from the order

refusing to make them parties.   69 N. W. 744; 34 N. W. 488; 51 So. 344; 2 Cyc. 636; 26 Pac. 318.

4.   The order for the preservation of the papers was proper.   34 Cyc. 592; 27 L. R. A. 82, and notes.

McCULLOCH, C. J.   Appellees, claiming to be a majority of the adult inhabitants residing within three miles of a certain schoolhouse in the city of Newport, Arkansas, presented their petitions to the county court of Jackson County, praying for an order, in accordance with the statute of this State on that subject, prohibiting the sale or giving away of intoxicants within three miles of said schoolhouse.   There were several of the petitions praying for this order, and they were filed at intervals from April 11, to May 4, 1910, the day on which the order of the county court was entered.

The county court entered an order during the period within which the petitions were being filed, directing the clerk not to keep the petitions open to inspection "unless it be satisfactorily shown to the court, or the judge thereof, that such person is such party in interest or otherwise entitled to such view or inspection."

On May 4, 1910, the last petition was filed as before stated, and on that day two or three of the petitioners, as well as the attorney representing the petitioners, came into the county court and asked to be heard in presentation of the petitions. The court proceeded with the hearing, and, after hearing the evidence of witnesses, entered an order in accordance with the prayer of the petitions.

On the same day appellants, A. D. Bailey and H. C. Sanders, who were licensed saloonkeepers within the affected territory, appeared and filed their petition asking to be made parties to the proceeding, that they might remonstrate against the granting of the order   The county court refused to permit them to be made parties, and on a subsequent day of the term they prayed an appeal to the circuit court, but the county court refused to grant an appeal.

Subsequently they obtained from the clerk of the circuit court an order granting an appeal to the circuit court, and, upon the refusal of the county clerk to send up a transcript of the record and the original papers, issued a rule on him requiring the same to be sent up.

This court held that when a case was brought there for review the circuit court had jurisdiction to require the papers to be brought up for the purpose of determining whether or not the appeal had been properly taken. *Jones* v. *Coffin,* 96 Ark. 332.

Appellees, as the original petitioners, appeared in the circuit court, and filed a motion to dismiss the appeal on the ground that appellants were not parties to the proceedings, and therefore had no right to prosecute an appeal from the order of the county court. Upon the hearing of this motion, the court sustained it, and made an order dismissing the appeal. From that order the appellants have prosecuted their appeal to this court.

Appellants contend that when they presented their petition to the county court to be made parties for the purpose of remonstrating, the court was then proceeding to hear the petitions and had not completed the hearing. They introduced proof in the circuit court to sustain that contention. On the other hand, appellees contend, and introduced proof in the circuit court tending to show, that when the petition of appellants was presented to the county court that court had already completed the hearing of the petitions for the prohibition order and had announced its decision and granted the prayer of the petitions.

The decision of the circuit court in dismissing the appeal necessarily implies a finding in favor of appellees on that issue, and therefore we must treat it as settled that when appellants sought to have themselves made parties to the record the county court was through with the hearing of the petitions and had already rendered its judgment.

Appellants make three contentions here, *first,* that, under the law, they were parties to the proceeding as a matter of right, because they were licensed saloonkeepers and had the absolute right of appeal to the circuit court; *second,* that if they were not parties to the proceedings under the law *proprio vigore,* independently of any order entered by the county court, there was an abuse of discretion by the county court in not permitting them to be made parties when they applied for that purpose; and, *third,* that there was an abuse of discretion by the circuit court in refusing to consider them parties and

in refusing to try the case *de novo,* instead of dismissing the appeal.

In the case of *Williams* v. *Citizens,* 40 Ark. 290, this court, speaking through Mr. Justice EAKIN, laid down a rule of practice in cases of this kind which has been followed since that time in many cases.    There it was said:

"The proceeding contemplated by the statute is not in the nature of a suit between parties.    It is a police proceeding for the better regulation of the internal affairs of counties, for the preservation of morals, and protection of the peace of the citizens.    The petition is the only jurisdictional condition upon which the court acts, when satisfied that it contains the names of a majority of the adult inhabitants.    The act provides for no remonstrance or counter petition, and the county court is not required to notice them as in any sense evidentiary.    It may do so, as calling its attention to the fact that the petition does not contain the names of a majority, but the court is confined to the determination of this point alone. This is not a case where the statute provides for an issue to be made by remonstrants, as in the case of annexation of territory to towns, or the laying out of new roads.    The General Assembly does not seem to have contemplated that any citizen, not already licensed, had such a vested interest in the matter of selling liquor near a church or school as required protection. It is altogether *ex gratia* that the opponents of the petition were admitted to resist it; although it is doubtless good practice, and facilitates the investigation of the truth."

At that time the statute contained an exception in favor of licensed liquor dealers.    Hence the reference in that opinion to them.    Subsequent to that time the statute was amended as it stands today, without exception in favor of that class. and it has been held by this court that the rendition of a prohibition order operates as a revocation of a license previously granted to sell intoxicants within that territory.    *State* v. *Doss,* 70 Ark. 312.

In the decisions since the one cited above, this court has uniformly held that an appeal will not lie at the instance of any person unless he is a party to the proceeding.    *Holmes* v. *Morgan,* 52 Ark. 99; *Holford* v. *Kirkland,* 71 Ark. 84; *Phillips* v. *Goe,* 85 Ark. 304.

For decisions upon analagous questions, see *Turner* v. *Williamson*, 77 Ark. 586, and cases cited.

It follows from these decisions that, under the statute as it now stands, a liquor dealer has no right to appeal, any more than other citizens, unless he makes himself a party to the proceeding. As said in the Williams case, *supra*, the statute provides for this proceeding as a police regulation, and no person is interested therein save in a public way, and can not be deemed to be aggrieved by the judgment unless he has made himself a party, either as a petitioner or as one remonstrating. Persons are allowed to become parties to records, not as a matter of right, but for the purpose of aiding the court in deciding the issue raised by the presentation of the petition, *i. e.*, whether or not the petitioners constitute a majority of the adult inhabitants residing within the territory described; and it is only such persons as have been allowed to become parties that can be aggrieved by the judgment so as to be entitled to take an appeal from it. There are no exceptions in favor of licensed liquor dealers, and they are subject to the same rule.

We do not hold that the county court can arbitrarily refuse to allow objecting persons to make themselves parties to the record. But from what has already been said it necessarily follows that the county court can at least exercise some discretion in the matter of permitting parties to appear, and it can not be said that the court abused its power in refusing, after the testimony had been heard and the judgment rendered, to permit these persons to make themselves parties. If they appeared at that time, it was obviously for the purpose, not of aiding the court in arriving at a conclusion, but only for the purpose of prosecuting an appeal. The court might, for good cause shown, have set aside the former order and allowed them to come in as parties in a retrial of the cause, but that, as we have said, was a matter of discretion for the court, and an abuse of the discretion must, at least, be shown before the action of the court could be disturbed.

There is evidence to the effect that the purpose of the appellees and their attorneys was to present their petition to the county court surreptitiously and to withhold knowledge from parties who desired to resist it. But, whatever may have

been their intention, the evidence adduced before the circuit court warranted the finding that the petitions were presented to the county court openly and without any affirmative deception, and that the county court was through with the hearing and had rendered a judgment at the time attorneys for appellants appeared for the purpose of asking to be made parties. The evidence being sufficient, we feel bound by the findings of fact made by the circuit judge.

The evidence adduced by appellants also shows that they had acted with reasonable diligence in their effort to make themselves parties, and that they hurried to the court for that purpose as soon as they obtained information that the petitions were being presented. However, in matters of this sort, where the statute does not provide for the giving of notice, all required is that the matter shall be presented to the court openly while it is in session, and the public is charged with constructive notice of all that is being done. If, perchance, there are persons who have no actual notice, and are thereby deprived of the opportunity of appearing for the purpose of resisting the proceedings, the statute gives no relief. The county court is authorized to act for the public at large and for each individual, and no person can claim to be aggrieved unless he is a party to the record in the county court. If there was no abuse by the county court of its discretion in refusing to permit appellants to be made parties, then the circuit court was correct in declining to treat them as parties, as they had no right to appeal.

Conceding that appellants had the right, as they attempted to do in this case, to take an appeal from an order refusing to make them parties to the record, and thus bring up the whole proceedings for trial *de novo,* the circuit court was right in dismissing the appeal unless it was found that the county court had abused its discretion in refusing to make them parties. The circuit court having found upon legally sufficient evidence that appellants had not appeared in apt time for the purpose of being made parties, and that the county court had not abused its discretion, it follows that the judgment should be affirmed, and it is so ordered.