PEARSON v. QUINN.

Opinion delivered November 8, 1915.

1.    WITNESS FEES—RECOVERY AGAINST PARTY LITIGANT—COSTS.—Witnesses who have been compelled to attend court at the instance of one of the parties litigant, may require payment of the fees fixed by law for witnesses, of the party requiring their presence.

2.  PARTIES—PETITIONERS UNDER THREE MILE LAW.—Persons who sign
the petition under the three-mile law do not become parties litigant
merely because of their having signed the petition, but they may
become parties litigant by their own motion in such proceedings,
and only such persons who have become parties may take an
appeal from the county to the circuit court.

Appeal from Miller Circuit Court; *W. H. Arnold,*
Special Judge; affirmed.

*M. E. Sanderson* and *John N. Cook,* for appellants.

A proceeding under the three-mile liquor law is in
the nature of an election, and not in the nature of a suit
between parties. 40 Ark. 290; 104 Ark. 436; 70 Ark. 178;
51 Ark. 164. There is no expressed authority rendering
judgment against remonstrants under the three-mile law.
Kirby's Dig. § § 5128-5132; 95 Ark. 83.

The right to recover costs rests upon statute only,
it did not exist at common law, *supra;* 60 Ark. 194; 106
Ark. 296; 84 Ark. 188; 108 Ark. 301.

*James D. Head,* for appellee.

The right of the prevailing party to judgment for
costs in this class of cases was recognized by this court
on the former appeal, 113 Ark. 24, also in other decisions
establishing liability for costs in such cases. See 56 Ark.
110; 57 Ark. 209.

SMITH, J. This appeal involves the liability of ap-
pellants for the fees of the witnesses who proved up their
attendance in the circuit court in the litigation there over
the revocation of an order of the county court of Miller
County prohibiting the sale of intoxicating liquors with-
in three miles of the public high school in the city of Tex-
arkana. At the trial of that cause the circuit court revoked
this prohibitory order, and an appeal from that judgment
was prosecuted to this court. But this appeal was dis-
missed for the reason that "where there is nothing to be
determined on an appeal to the Supreme Court but the
question of liability for the costs of the litigation, the
appeal will be dismissed." *Pearson* v. *Quinn,* 113 Ark.
24.

There appears to be nothing in the present record to show that any witnesses, other than those who were subpoenaed at the instance of appellants, claimed fees for their attendance in the circuit court, and it is not shown but that all of said witnesses were summoned on the part of the appellants upon the trial in the circuit court.

It is urged that appellants are not liable for these fees because no statute fixes this liability. It has been said in a number of cases that the right to recover costs did not exist at common law, but rests upon statute only. The leading case to this effect is that of *Wilson* v. *Fussell,* 60 Ark. 194. Other cases so holding are *Letchworth* v. *Flinn,* 108 Ark. 301; *Buchanan* v. *Parham,* 95 Ark. 81; *Burton* v. *Chicago Mill & Lbr. Co.,* 106 Ark. 296; *Buckley* v. *Williams,* 84 Ark. 188; *Davis* v. *Moore,* 70 Ark. 240.

In the case of *Wilson* v. *Fussell, supra,* the court expressly refrained from deciding whether or not the officers who served the process, and the witnesses who testified in the case, were entitled to costs against the party at whose instance they performed the service, or in whose behalf they testified. But the opinion contains no intimation that these costs would not have been charged against the party at whose instance they were incurred had that question been involved in the case.

That there can be liability for some costs in litigation arising under the Three-Mile Law is shown by the opinion of this court in the case of *Pearson* v. *Quinn, supra,* and in the opinion in the case of *Wilson* v. *Thompson,* 56 Ark. 110, it is expressly so decided. In this last mentioned case, which was also a contest under the Three-Mile Law, the court said that the appeal in that case was fruitless and only the costs of the litigation were involved, yet that case was decided because of the public interest of the questions involved, although it was said that otherwise the court would not have done so for the mere purpose of determining liability for costs, as costs are only an incident to litigation and can not be made the subject-matter of appeal any more than of the litigation.

We see no reason why the costs here involved should not be assessed in litigation arising under the Three-Mile Law, under which this litigation arose. Petitioners, as such, do not become parties litigant to proceedings under the Three-Mile Law. Persons who merely sign a petition, either for the making of a prohibitory order, or a petition for the revocation of a prohibitory order previously made, do not thereby become parties to litigation which arises upon the hearing of these petitioners any more so than does the elector, who merely votes at an election, becomes a party to a contest growing out of that election. Persons become parties litigant to proceedings of this kind only upon their own motion. Here appellants were not even petitioners, and they became parties upon their own motion. The law contains no provision for remonstrances or for counter-petitions. *Bordwell* v. *Dills,* 70 Ark. 175, and cases there cited. But the law does permit any one who has an interest in the controversy to make himself a party, and thereafter the persons so made parties have control of the litigation, and only such persons can take an appeal from the judgment of the county court, or the circuit court, upon a finding adverse to their position.

The attendance of witnesses can be compelled by attachment, and the imposition of fines, in such cases, but process for the attendance of these witnesses can issue only upon the direction of some one who has made himself a party to the proceedings, and if such person puts in motion the machinery of the law to compel the attendance of some witness who has no volition in the matter of his attendance, such person should be held liable for the fee fixed by law for witnesses. It does not lie in the mouth of one who compels another to give of his time, and to perform a service, to say that he will not pay for this time and service because no statute expressly fixes that liability. But the fee should be charged upon the assumption that there was an implied obligation to pay the fee fixed by law. It will be observed that this is not the case of a successful litigant asking judg-

ment for his costs against his unsuccessful adversary but is the case of witnesses asking that they be allowed the fees fixed by law against the litigant who required their attendance. The judgment of the court below is affirmed.

McCULLOCH, C. J. (dissenting). The statute under which this proceeding was begun and prosecuted to a conclusion contains no authority for the adjudication of costs. The statute merely provides that the county court may, upon a petition of a majority of the adult inhabitants residing within three miles of any school house, etc., make an order prohibiting the sale of intoxicants of any kind within that radius for a period of two years, "and until upon a petition of a majority of the adult inhabitants of such territory the court shall make an order nullifying and revoking said former order." Kirby's Digest, sec. 5129. This court, in construing that statute, has always held that "the proceeding contemplated by the statute is not in the nature of a suit between parties. It is a police proceeding for the better regulation of the internal affairs of counties, for the preservation of morals, and protection of the peace of the citizens." *Williams* v. *Citizens,* 40 Ark. 290; *Bailey* v. *West,* 104 Ark. 432.

Chief Justice Cockrill, in delivering the opinion of this court in *Wilson* v. *Thompson,* 56 Ark. 110, said, in construing this statute, "that the duties imposed upon the county court are administrative and executive rather than judicial."

There is, therefore, no authority for the rendition of a judgment for costs in a proceeding of this kind, for the general statute giving authority to render judgment for costs (Kirby's Digest, § § 965, 966) only applies to civil actions between parties; and since it has been decided that this proceeding is not a civil action, it follows that there is no authority for rendering judgment for the recovery of costs.

"The right to recover costs," said Judge Riddick, speaking for the court in *Wilson* v. *Fussell,* 60 Ark. 194, "did not exist at common law. It rests upon statute only,

and it is to the statute we must look for the authority to recover costs in any given case.''

Again, in the case of *Buckley* v. *Williams,* 84 Ark. 187, we said: ''It (the cost of suit) is a liability created by statute, and, in the absence of the statute allowing same there could be no judgment rendered in favor of a defendant against a plaintiff, where the latter fails in his suit.''

The rule has been followed by this court in several recent cases. *Buchanan* v. *Parham,* 95 Ark. 81; *Burton* v. *Chicago Mill & Lbr. Co.,* 106 Ark. 297; *Letchworth* v. *Flinn,* 108 Ark. 301.

The majority seem to treat this question as being decided in accordance with their views in the case of *Wilson* v. *Thompson, supra.* It is true that the opinion in that case shows that the appellant was awarded judgment here for the costs in both courts. It is quite clear that the decision was correct insofar as it awarded judgment for the costs in this court, inasmuch as the judgment appealed from was reversed, and the statute provides that on appeal to the Supreme Court from a judgment of the circuit court, if the judgment be reversed, the appellant shall recover his costs. Kirby's Digest, § 970. But the award of costs in the lower court was, I think, clearly an inadvertence, for the question does not appear to have been raised and it was not discussed by the learned judge who wrote the opinion, with the clearness which characterized his opinions. I do not think that the case ought to be treated as an authority to that extent, for it is clearly contrary to all the decisions of this court on the subject since that time.

Nor is the decision in this case when here on the former appeal decisive of the question now before us. We said in the opinion that there was nothing to be determined on the appeal but the question of the liability for costs, but it was not necessary to decide when the case was here before whether or not there was any liability for costs, inasmuch as we reached the conclusion that even if there was a liability for costs that would not

justify the appeal. We merely dismissed the appeal because there was nothing before us which called for a review of the proceedings below.

I dissent, therefore, from the conclusion reached by the majority in this case. Mr. Justice Kirby concurs in the dissent.