## PIKE v. CITY OF STUTTGART.

4-6018                                     142 S. W. 2d 233

Opinion delivered July 8, 1940.

*W. A. Leach,* for appellant.
*Wm. C. Gibson* and *M. F. Elms,* for appellee.

GRIFFIN SMITH, C. J. The city of Stuttgart initiated proceedings to annex certain territory.[1] Appellants, in the county court, protested annexation. The complaint was dismissed June 15, 1939. Within thirty days one of the appellants filed affidavit and prayer for appeal. The appeal was granted. Transcript was lodged with the circuit clerk August 4, 1939.

The city moved to dismiss, insisting that the applicable statute required filing of the transcript within thirty days. Facts were stipulated. The court ruled

[1] Pope's Digest, §§ 9501, 9502, 9786, 9787, and 9788.

with the city. This appeal is from the order directing that the appeal be dismissed.

Appellee maintains that an appeal from the county court's final order is regulated by § 9501 of the Digest, which provides that if a majority of the votes cast on the proposal for annexation are favorable, the corporation shall present to the county court a petition praying for annexation, and: "The like proceeding shall be had on said petition as is prescribed in §§ 9786-9788, so far as the same may be applicable, and if, within thirty days after a transcript shall be delivered as provided, no notice of a complaint against such annexation shall be given at the end of said thirty days (and in case of any such complaint, then after the end of thirty days after the dismissal of said complaint), the territory shall, in law, be deemed and taken to be included in and shall be a part of said corporation."

Since § 9501 refers to §§ 9786-9788 for guidance as to procedure insofar as such sections are applicable, we must determine whether expressly or by necessary implication appeals are regulated.

Article 7, § 33, of the Constitution, allows appeals to the circuit court from all judgments of the county court, "to be taken under such restrictions and regulations as may be prescribed by law."

The general statute adopted pursuant to the constitutional authority appears as § 2913, *et seq.*, of Pope's Digest. Appeals may be prosecuted at any time within six months "after a final order or judgment of the county court has been made or rendered." By § 2915 it is directed that the clerk of the county court transmit to the clerk of the circuit court ". . . all of the original papers and a transcript of the record entry in the cause or matter." When this is done the controversy stands for trial at the succeeding term of circuit court if the appeal is granted ten days before circuit court convenes.

We think the statutory provisions relating to annexation of territory at the instance of agents of an existing corporation were intended to afford a right of

action to parties claiming to be affected, but such action is an independent proceeding, as distinguished from appeal. The *transcripts* mentioned in § 9788, *et seq.,* are the records required to be delivered to the county recorder, and in turn certified. There is no requirement that a transcript, such as that upon which an appeal may be predicated, shall be filed with the circuit clerk within thirty days. The General Assembly has the right to limit time for appeals, and to designate, within reason, when the record should be completed and lodged with the circuit court.

Authority for the procedure adopted by appellee is found in §§ 35, 36, 37, 84, and 85 of the act of March 9, 1875, now appearing as §§ 9501-2, 9786-7-8, of Pope's Digest. The general statute authorizing appeals from the county court includes §§ 1 to 5 of the act of February 20, 1883, shown in Pope's Digest as §§ 2913 to 2917. The enactment of 1883 expressly allows six months for appeals, and does not require that transcripts be lodged with the circuit court within thirty days.[2]

Our view is that appellants here filed their transcripts in ample time, and that the appeal was improperly dismissed. The judgment is reversed, with directions that the cause be reinstated.

---

[2] *Briner* v. *Holleman,* 115 Ark. 213, 170 S. W. 1010; *Smith & Shoptaw* v. *Stanton,* 187 Ark. 447, 60 S. W. 2d 183.