CHARLES SKINNER *v.* CITY OF ELDORADO ET AL

5-5269                                    454 S. W. 2d 656

Opinion delivered June 8, 1970
[Rehearing denied June 29, 1970.]

*Brown, Compton, Prewett & Dickens,* for appellant.

No brief for appellees.

GEORGE ROSE SMITH, Justice. The questions on this appeal are whether the three individual appellees, Briggs, Robertson, and McAteer, had sufficient standing to appeal to the circuit court from a county court order annexing certain territory to the city of El Dorado, and if so, whether their appeal was taken in a timely manner. The circuit court sustained the validity of the appeal and modified the county court's annexation order in a manner that is not questioned on the merits.

The city, after an election, filed a petition in the county court for the annexation of certain territory. On January 29, 1968, the county court granted the city's petition. The county court attempted to insert in its description of the annexed territory a clause that would have excepted from the annexation a lot, 330 by 110 feet, on which the appellant Skinner has a grocery store and a filling station; but the court's description of Skinner's lot was void for indefiniteness.

On April 19, 1968, the county court entered a nunc pro tunc order correcting the description of Skinner's property. On May 15, 1968, Briggs, Robertson, and McAteer filed their affidavit for appeal from the nunc pro tunc order. Later, on June 7, 1968, they also filed an affidavit for appeal from the county court's original order of January 29. The circuit court, as we have said, entertained the appeal and modified the county court order by including the Skinner lot in the area being annexed to the city.

We consider first the standing of the three individual appellees to appeal from the county court orders. Those men—or at least two of them—had personally appeared in the county court and orally objected to the annexation, without success. Skinner now contends that the protestants' failure to file a written pleading in the county court deprived them of any standing to appeal from the annexation orders. Skinner, in making that contention, relies upon this quotation from our opinion in *Barnwell* v. *Gravette,* 87 Ark. 430, 112 S. W. 973 (1908): "These remonstrants became parties to the proceedings in the way in which they were authorized by the statute to become so—that is, by filing a petition against the annexation within the time prescribed by the statute. Under the repeated decisions of this court in analogous cases, this made them parties and entitled them to take an .appeal." Skinner argues that, as a corollary to the court's reasoning in that case, these three appellees could not appeal from the county court orders because they did *not* file a petition against the annexation.

We do not agree. When the *Barnwell* opinion is read in its entirety, we think it sustains the circuit court's decision in the case at bar. In *Barnwell* the protestants' petition simply stated, as a conclusion, that they did "most positively protest and remonstrate against the granting of said petition" for annexation. This court went on to say: "No reasons, legal or otherwise, are alleged in the remonstrance against the petition. It is mere protest." The court nevertheless held

that the petition was sufficient to entitle the protestants to a hearing in the county court and to an appeal to the circuit court.

Our reasoning was simple. The statute, which has not been changed in this respect, provides that "any person interested may appear and contest the granting the prayer of said petition." Ark. Stat. Ann. § 19-102 (Repl. 1968), which by reference is made the controlling statute by Section 19-307. In *Barnwell* the protestants did appear in the county court and contest the annexation, just as the appellees did in the case at bar. In *Barnwell* we pointed out that the protestants do not have to have reasons for attacking the annexation proposal, because the annexation is to be granted only if it be deemed right and proper in the judgment and discretion of the county court.

We think it plain that the *Barnwell* decision turned not upon the fact that the protestants filed a written petition, which actually said nothing, but upon the fact that they exercised their statutory right to appear and contest the annexation. That, indeed, was a sound approach to the issue, for in a matter of public interest the citizen's right to be heard ought not to be fettered by technical rules of pleading unless the legislature has seen fit to impose such a requirement. We conclude that the appellees had the right to appeal from the county court orders.

There remains the timeliness of the appellees' appeal to the circuit court. The original county court order was entered on January 29. The nunc pro tunc amendment was entered on April 19. The first affidavit for appeal was filed on May 15. If we assume, without deciding, that the time for appeal was thirty days (see § 19-307, *supra*; cf. *Pike* v. *City of Stuttgart*, 200 Ark. 1010, 142 S. W. 2d 233 [1940]), the question is whether the time runs from the date of the original order or from the date of the nunc pro tunc amendment.

Here we have no difficulty in sustaining the trial court's conclusion that the time for appeal began to run anew from the date of the nunc pro tunc order. The facts demand that conclusion. The appellee Robertson also owns a grocery store that was taken into the city by the annexation. The county court's exemption of the Skinner property had the effect of allowing Skinner to operate his business on Sunday, while grocers within the city limits do not have that privilege. Robertson, however, had no reason to appeal from the original county court order, because the void description, which did not describe the excepted 330-by-110-foot tract with sufficient definiteness even to identify it as the Skinner lot, gave Robertson no notice that he was being adversely affected by the exception in the order. It was not until the nunc pro tunc order was placed of record that Robertson had any basis for knowing of, and objecting to, the preferential treatment being given to Skinner. In fairness, his time for appeal should not be held to have already run before he was put on notice that the court's order worked to his detriment. Hence, in such a situation, the time for appeal begins to run with the entry of the order that works the injury. Freeman, Judgments, § 139 (5th ed., 1925); *Adamson* v. *Brockbank,* 112 Utah 52, 185 P. 2d 264 (1947). In a parallel situation we have often held that an amended complaint which merely restates the original cause of action relates back to the filing of the initial complaint, as far as the statute of limitations is concerned; but an amendment that states a new and different cause of action serves as a new point for the tolling of the statute. *Warmack* v. *Askew,* 97 Ark. 19, 132 S. W. 1013 (1910).

Affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I do not agree with the construction given *Barnwell* v. *Gravette,* 87 Ark. 430, 112 S. W. 973, by the majority. Nor do I agree that appellees Briggs, Robinson and McAteer

had any standing to appeal the county court order if the question had been raised in the trial court in a manner to bring it before us.

In order to have a proper understanding of the governing statutes, it must be borne in mind that there are two distinct procedures for attacks upon county court judgments annexing territory to a municipality. Arkansas Statutes Annotated §§ 19-303—307 (Repl. 1968) provide an independent proceeding in the circuit court wholly unrelated to appeals from the judgment by aggrieved parties. *Pike* v. *City of Stuttgart*, 200 Ark. 1010, 142 S. W. 2d 233.[1] In Pike, it was held that appeals from such orders are governed by general statutes covering appeals from the county court. See Ark. Stat. Ann. §§ 27-2001—2007 (Repl. 1962 and Supp. 1969).

It is generally held that, in order to appeal from an order of the county court, one must become a party to the proceedings in the county court, and that one who fails to do so has no right of appeal. *Holmes* v. *Morgan*, 52 Ark. 99, 12 S. W. 201; *Holford* v. *Kirkland*, 71 Ark. 84, 71 S. W. 264; *Turner* v. *Williamson*, 77 Ark. 586, 92 S. W. 867; *Pearson* v. *Quinn*, 120 Ark. 610, 180 S. W. 476. See also *Bailey* v. *West*, 104 Ark. 432, 149 S. W. 511. The mere making and filing of an affidavit for appeal will not suffice. *Holmes* v. *Morgan*, supra; *Holford* v. *Kirkland*, supra.[2] There are certain qualifications of this rule, but none is helpful to Briggs, Robinson and McAteer. First, when an aggrieved party's motion to be made a party is wrongfully denied by the county court, he may be considered a party for the purpose of appeal. *Garner* v. *Greene County*, 229 Ark. 174, 313 S. W. 2d 785. Then, one whose pecuniary rights are directly involved, who has

[1] It should be noted that relief under §§ 19-303—307 is limited to cases wherein requirements for annexation have not been complied with or the territory is unreasonably large or small or is improperly described.

[2] The only real exception to the rule is the right of a citizen and taxpayer to appeal from allowances against a city or county without becoming a party to the proceedings, a guarantee provided by Art. 7, § 51, Constitution of Arkansas. *Ladd* v. *Stubblefield*, 195 Ark. 261, 111 S. W. 2d 555.

had no notice of the proceeding, may be considered a party having a right to appeal. *Arkansas State Highway Commission* v. *Perrin,* 240 Ark. 302, 399 S. W. 2d 287.

In the case before us, the record reflects that these parties filed nothing in the county court except affidavits for appeal. Even though Briggs testified on appeal that he "filed" objections, the record does not bear him out. Although he claimed to have had a petition containing 1,000 signatures, he never offered, filed or exhibited it in either court. It seems that appellant may have been one of these "objectors." The objection of Briggs and his associates appears to have gone to the annexation, not to exclusions made or proposed. The objection, as stated by Briggs on appeal, seems to have been directed primarily at the timing of the election on the proposal to coincide with deer season. According to Briggs the signatures to the petition he had requested a new election. Certainly, this testimony does not bring Briggs, Robinson and Mc-Ateer into the category of parties who moved to be permitted to become parties to the proceeding in the county court.

Testimony of the appellees indicates that Briggs, Robinson, McAteer and Skinner are all owners of stores and that Skinner's store would be excluded from the annexed territory by an exception in the county court order. This does not mean that the pecuniary rights of the other store owners were directly involved, so they could appeal without becoming parties to the proceedings. This may be done only when the private rights of the appealing parties are directly involved, but not when they are incidentally affected, however seriously. *Turner* v. *Williamson,* 77 Ark. 586, 92 S. W. 867.

The case of *Barnwell* v. *Gravette,* 87 Ark. 430, 112 S. W. 973, is not in anywise contrary to the authorities above cited, but is in accord therewith. I do not see how it gives Briggs, Robinson and McAteer any stand-

ing. In that case a petition, protesting and remonstrating against the annexation, signed by 21 persons describing themselves as freeholders living in an area proposed to be annexed, was filed one month prior to the date set for hearing on the annexation petition. Even though no reference was made to the remonstrance in the judgment for annexation, there was reference to the submission of the case and its final hearing one week thereafter. This court held that the circuit court erred in dismissing the appeal of three of these signers from the county court judgment on the ground that the protest was not sufficient to make them parties to the proceeding. No such action was taken by appellees here.

Inasmuch as the general statutes governing appeals from the county court control, the appeals were not untimely, having been within six months of the original order. Ark. Stat. Ann. § 27-2001 (Supp. 1969); *Pike* v. *City of Stuttgart,* 200 Ark. 1010, 142 S. W. 2d 233.

Still, I conclude that the circuit court judgment must be affirmed. Skinner's motion to dismiss the appeal in the circuit court was based upon his contention that it was not in time. He did not challenge the standing of appellees Briggs, Robinson or McAteer. Although the City of El Dorado did challenge their standing, only Skinner has appealed. He is now barred from raising this question in this court. *J. R. Wulff* v. *Davis,* 108 Ark. 291, 157 S. W. 384.

Skinner's grounds for reversal of the circuit court judgment simply question the standing of the individual appellees to appeal to the circuit court and to the timeliness of their appeal. Consequently, the circuit court judgment of annexation including his property must stand.