The Honorable Geoff Buchanan State Representative P.O. Box 5541 Bella Vista, AR 72714-0541
Dear Representative Buchanan:
This is in response to your request for an opinion regarding the statutory procedure for incorporation of municipalities. A.C.A. §14-38-101 et seq. (Repl. 1998). You have submitted correspondence from a constituent questioning the constitutionality of these provisions under the so-called "one man, one vote" rule. It is noted that fifty percent of an area's registered voters may effect incorporation by petition.[1] It is argued that this disenfranchises all who oppose incorporation, providing no opportunity at all to vote or to influence the votes of others.
The specific question in this regard, restated, is as follows:
 Is the current municipal incorporation law unconstitutional in that it allows only a `yes vote' on the issue, providing absolutely no method for `no votes'?
RESPONSE
It is my opinion that "one person, one vote" does not apply in this instance where no election is required for incorporation of a city or town. The municipal incorporation law is constitutional, in my opinion.
Question — Is the current municipal incorporation law unconstitutional inthat it allows only a `yes vote' on the issue, providing absolutely nomethod for `no votes'?
The "one person, one vote" principle reflects a particular application of the Equal Protection Clause of the Fourteenth Amendment (U.S. Const., amend. XIV). That principle, first enunciated in the "reapportionment cases" (see, e.g., Baker v. Carr, 369 U.S. 186 (1962), Reynolds v. Sims,377 U.S. 533 (1964)), "means that as nearly as practical one man's vote . . . is to be worth as much as another's." Wesberry v. Sanders,376 U.S. 1, 7-8 (1964). The principle has been extended to the election of local governmental bodies. Hadley v. Junior College District, 397 U.S. 50
(1970); Avery v. Midland County, 390 U.S. 474 (1968). The guaranty has been expressed as follows:
 [A]s a general rule, whenever a state or local government decides to select persons by a popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election. . . .
Hadley, supra, at 56.
Where an election is not involved or required, the United States Supreme Court has said that "the principle of `one man, one vote' has no relevancy." Sailors v. Board of Education, 387 U.S. 105 (1966). See alsoHadley, supra, wherein the court limited its decision to a situation in which each qualified voter must be given the same power "in an election open to all." 397 U.S. at 50. Although "one person, one vote" has been raised in situations other than just elections for an office, those situations also perforce involved voting. See, e.g., Lockport v. CitizensFor Community Action, 430 U.S. 259 (1977) (separate majorities of city and non-city residents needed in referendum to approve a new county charter); Phoenix v. Kolodziejski, 399 U.S. 204 (1970) (vote on municipal general obligation bonds); Cipriano v. City of Houma, 395 U.S. 701 (1969) (vote on issuance of revenue bonds).
There is no requirement under § 14-38-101 et seq. that an election be held on the incorporation question. Nor has my research yielded any authority to the effect that an election is constitutionally compelled. With regard to the organization of municipal corporations, it must be noted that the creation of municipalities is a political act, within the power and discretion of the legislature. See generally 62 C.J.S. MunicipalCorporations § 11 (1949). It has been stated in this regard that the state may prescribe the manner in which, and the method by which, its legislative creatures may be created. Id. at § 12.[2] This is reflected in the Supreme Court's ruling in Hunter v. City of Pittsburgh,207 U.S. 161 (1907), which involved state legislation providing for the annexation by the larger city of Pittsburgh of an adjoining city, even though the majority of voters of the smaller city voted against it. In refusing to hold the legislative enactment unconstitutional, the court said that the state legislature may:
 . . . expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the state is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States.
207 U.S. at 178-179.
Thus, while it seems that most of the general municipal incorporation laws provide for the manifestation, in some manner, of the consent of a majority of the voters or inhabitants of the territory sought to be incorporated (see 62 C.J.S., supra, at § 21), there is no constitutional requirement that an election be held. Accord Board of Director ofNorthern Wasco County People's Utility Dist. v. Kelly, 171 Or. 691,137 P.2d 295 (1943), cited in Cochran, Mayor v. Black, 240 Ark. 393, 397,400 S.W.2d 280 (1966) (stating that "the power to create a corporation, either public or private, is a `legislative function.'") In a subsequent case, the Oregon Supreme Court specifically rejected the contention that "one person, one vote" requires an election for the creation of a local government unit board. Horner's Market, Inc. v. Tri-County MetropolitanTransportation District of Oregon, 2 Or. App. 288, 467 P.2d 671 (1970). The court in Horner's Market cited the "general rule" from Hunter,supra, and concluded that the rule "apparently still applies to the questions here involved, so far as application of theFourteenth Amendment of the United States Constitution is concerned."467 P.2d at 676.
It is therefore my opinion that the General Assembly is authorized to establish the procedure for municipal incorporation under § 14-38-101 etseq., and that there is no constitutional requirement that incorporation be determined by an election. With regard to the procedure under §14-38-101 et seq., it should perhaps be noted that an opportunity is provided for those who oppose incorporation to appear in county court and contest the granting of the petition. A.C.A. § 14-38-103. The petition is to be granted only if "it shall be deemed right and proper, in the judgment and discretion of the court. . . ." A.C.A. § 14-38-104(a). Seealso Skinner v. City of El Dorado, 248 Ark. 916, 454 S.W.2d 656 (1970);Barnwell v. Gravette, 87 Ark. 430, 112 S.W. 973 (1908). Thus, a procedure does exist for opposing a petition for incorporation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] An incorporation order can be entered by the county court based on the petition of "seventy-five (75) qualified voters residing within the described territory. . . ." A.C.A. § 14-38-101(a)(1). But a majority must sign in order to override a challenge to incorporation under A.C.A. §14-38-106. See A.C.A. § 14-38-107; Town of Wrightsville v. Walton,255 Ark. 523, 501 S.W.2d 24 (1973).
[2] The Arkansas Constitution provides that "[t]he General Assembly shall provide, by general laws, for the organization of cities . . . and incorporated towns. . . ." Ark. Const. art. 12, § 3.